**WO**                                                                                                          MDR

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jenghiz K. Stewart,<br><br>          Plaintiff,<br><br>vs.<br><br>Central Arizona Correction Facility, et al.,<br><br>          Defendants. | No. CV 09-674-PHX-MHM (ECV)<br><br>**ORDER** |

Plaintiff Jenghiz K. Stewart, who is confined in the Arizona State Prison Complex-Eyman in Florence, Arizona, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. #1), an Application to Proceed *In Forma Pauperis* (Doc. #3), and a certified copy of his inmate trust account for the last six months (Doc. #4). The Court will order Defendants Breezy, Boughter, Hernandez, Hamadi, and Phan to answer Counts One through Five of the Complaint and will dismiss Count Six and Defendant Central Arizona Detention Facility without prejudice.

**I.     Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). The statutory fee will be collected monthly in payments of 20% of the previous month's income each time

**TERMPSREF**

1  the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a
2  separate Order requiring the appropriate government agency to collect and forward the fees
3  according to the statutory formula.

4  **II.     Statutory Screening of Prisoner Complaints**

5  The Court is required to screen complaints brought by prisoners seeking relief against
6  a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C.
7  § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised
8  claims that are legally frivolous or malicious, that fail to state a claim upon which relief may
9  be granted, or that seek monetary relief from a defendant who is immune from such relief.
10 28 U.S.C. § 1915A(b)(1), (2).

11 **III.    Complaint**

12 In his Complaint, Plaintiff sues the following Defendants: Central Arizona Detention
13 Facility, Warden Breezy, Registered Nurse Jackie Boughter, Lieutenant Hernandez, Dr.
14 Hamadi, and Dr. Phan.

15 Plaintiff asserts that he has Tourette's Syndrome and sensitivity to sound, heat, and
16 bright lights. He alleges that Defendants' conduct subjected him to loud noises, bright lights,
17 and heat, all of which exacerbated his Tourette's tics. In his Request for Relief, Plaintiff
18 seeks monetary damages and injunctive relief.

19 Plaintiff alleges six counts in his Complaint. Each count is directed against a different
20 Defendant—Count One against Defendant Breezy, Count Two against Defendant Boughter,
21 Count Three against Defendant Hernandez, Count Four Against Defendant Hamadi, Count
22 Five against Defendant Phan, and Count Six against Defendant Central Arizona Detention
23 Facility.

24        **A.     Count Six and Defendant Central Arizona Detention Center**

25 Defendant Central Arizona Detention Facility is not a proper Defendant to this action.
26 Section 1983 imposes liability on any "person" who violates an individual's federal rights
27 while acting under color of state law. A "person" under § 1983 includes municipalities, other
28 local government units, and other "bodies politic and corporate." Monell v. New York City

TERMPSREF                                    - 2 -

1  Department of Social Services, 436 U.S. 658, 688-90 (1978). The Central Arizona Detention
2  Facility is a building, not a person or legally created entity capable of being sued.
3  Accordingly, the Central Arizona Detention Facility and Count Six will be dismissed.

### B. Counts One through Five

5  Counts One through Five each contain four subparts—Subparts A through D. The
6  allegations in a particular subpart are substantially similar across Counts—for example, the
7  allegations in Subpart A of Count One against Defendant Breezy are substantially similar to
8  the allegations in Subpart A of Counts Two through Four against Defendants Broughton,
9  Hernandez, Hamadi, and Phan. If Plaintiff does not allege that a Defendant personally
10 engaged in the conduct, he alleges that the Defendant allowed or sanctioned the conduct.

11 In the Subpart A sections, Plaintiff alleges that each Defendant acted with deliberate
12 indifference in violation of the Eighth Amendment by, among other things, failing to provide
13 reasonable care for Plaintiff after being informed of Plaintiff's medical disabilities and failing
14 to treat Plaintiff's symptoms despite a doctor's orders to do so. In the Subpart B sections,
15 Plaintiff contends that each Defendant violated the Eighth Amendment prohibition against
16 cruel and unusual punishment by, among other things, keeping Plaintiff in medical
17 observation and detention for an excessive amount of time and by treating Plaintiff with
18 "malice and disdain," experimenting on Plaintiff and transporting him repeatedly to a
19 doctor's office despite knowledge of Plaintiff's disorders, or failing to renew Plaintiff's
20 prescribed medication.

21 In the Subpart C sections, Plaintiff alleges that each Defendant violated the Fourteenth
22 Amendment's Equal Protection Clause because, among other things, they denied Plaintiff
23 equal protections enjoyed by other disabled and nondisabled inmates because he was placed
24 in medical observation and detention for three months and, therefore, was denied daily
25 showers, hot lunches, daily recreation, and access to hobby crafts, the library, and the courts.
26 He also asserts that each Defendant treated him unequally by failing to provide Plaintiff with
27 facilities compatible with his disabilities, unlike other inmates who did receive facilities
28 compatible with their disabilities. In the Subpart D sections, Plaintiff claims that each

1  Defendant violated the Americans with Disabilities Act by, among other things, placing
2  Plaintiff in medical observation or detention for three months because of Plaintiff's
3  disabilities, treating Plaintiff differently from other inmates who do not suffer from Plaintiff's
4  disabilities, and failing to provide medical treatment or facilities compatible with Plaintiff's
5  disabilities.

6  Liberally construed, Plaintiff has stated claims against Defendants Breezy, Boughter,
7  Hernandez, Hamadi, and Phan in Subparts A, B, C, and D.  The Court will require these
8  Defendants to answer those Counts One through Five.

**IV.  Warnings**

**A.  Release**

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot.  Failure to comply may result in dismissal of this action.

**B.  Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

**C.  Copies**

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a).  Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d).  Also, Plaintiff must submit an additional copy of every filing for use by the Court.  See LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**D.  Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  See Ferdik v. Bonzelet,

1  963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to
2  comply with any order of the Court).

3  **IT IS ORDERED:**

4  (1)  Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. #3) is **granted**.

5  (2)  As required by the accompanying Order to the appropriate government agency,
6  Plaintiff must pay the $350.00 filing fee and is not assessed an initial partial filing fee.

7  (3)  Count Six and Defendant Central Arizona Detention Facility are **dismissed**
8  **without prejudice**.

9  (4)  Defendants Breezy, Boughter, Hernandez, Hamadi, and Phan must answer
10 Counts One through Five.

11 (5)  The Clerk of Court must send Plaintiff a service packet including the
12 Complaint (Doc. #1), this Order, and both summons and request for waiver forms for
13 Defendants Breezy, Boughter, Hernandez, Hamadi, and Phan.

14 (6)  Plaintiff must complete and return the service packet to the Clerk of Court
15 within 20 days of the date of filing of this Order. The United States Marshal will not provide
16 service of process if Plaintiff fails to comply with this Order.

17 (7)  If Plaintiff does not either obtain a waiver of service of the summons or
18 complete service of the Summons and Complaint on a Defendant within 120 days of the
19 filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the
20 action may be dismissed as to each Defendant not served. Fed. R. Civ. P. 4(m); LRCiv
21 16.2(b)(2)(B)(i).

22 (8)  The United States Marshal must retain the Summons, a copy of the Complaint,
23 and a copy of this Order for future use.

24 (9)  The United States Marshal must notify Defendants of the commencement of
25 this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal
26 Rules of Civil Procedure. The notice to Defendants must include a copy of this Order. The
27 Marshal must immediately file requests for waivers that were returned as undeliverable and
28 waivers of service of the summons. If a waiver of service of summons is not returned by a

1 Defendant within 30 days from the date the request for waiver was sent by the Marshal, the
2 Marshal must:

3     (a)   personally serve copies of the Summons, Complaint, and this Order upon
4 Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

5     (b)   within 10 days after personal service is effected, file the return of service
6 for Defendant, along with evidence of the attempt to secure a waiver of service of the
7 summons and of the costs subsequently incurred in effecting service upon Defendant.
8 The costs of service must be enumerated on the return of service form (USM-285) and
9 must include the costs incurred by the Marshal for photocopying additional copies of
10 the Summons, Complaint, or this Order and for preparing new process receipt and
11 return forms (USM-285), if required. Costs of service will be taxed against the
12 personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil
13 Procedure, unless otherwise ordered by the Court.

14     (10)   **A Defendant who agrees to waive service of the Summons and Complaint**
15 **must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

16     (11)   Defendants must answer the Complaint or otherwise respond by appropriate
17 motion within the time provided by the applicable provisions of Rule 12(a) of the Federal
18 Rules of Civil Procedure.

19     (12)   Any answer or response must state the specific Defendant by name on whose
20 behalf it is filed. The Court may strike any answer, response, or other motion or paper that
21 does not identify the specific Defendant by name on whose behalf it is filed.

22 . . . .
23 . . . .
24 . . . .
25 . . . .
26 . . . .
27 . . . .
28 . . . .

1  (13)  This matter is referred to Magistrate Judge Edward C. Voss pursuant to Rules
2 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized
3 under 28 U.S.C. § 636(b)(1).

DATED this 17th day of April, 2009.

_____
Mary H. Murgula
United States District Judge