| | |
|---|---|
| **WO** | SVK |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Jenghiz K. Stewart, | ) | No. CV 09-0674-PHX-MHM (ECV) |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Central Arizona Correction Facility, et al., | ) | |
| Defendants. | ) | |

Plaintiff Jenghiz K. Stewart, who is confined in the Central Arizona Correction Facility in Florence, Arizona, filed this *pro se* civil rights action against various employees of the Arizona Department of Corrections (ADC). (Doc. #1.) Hamidi moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] (Doc. #11.) Bezy and Hernandez join the motion. (Doc. #24.) The motion is fully briefed. (Doc. ##38, 48, 60.[2])

The Court will deny the motion.

**I.    Background**

In his Complaint, Plaintiff asserted that he has Tourette's Syndrome and sensitivity

---

[1] The Court issued a Notice pursuant to Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003). (Doc. #22.)

[2] Defendants also move to strike Plaintiff's response to the motion to dismiss. (Doc. ##47, 48.)

1 | to sound, heat, and bright lights. He alleged that Defendants' conduct subjected him to loud noises, bright lights, and heat, all of which exacerbated his Tourette's tics. Plaintiff alleged that Defendants' conduct violated the Eighth Amendment. (Doc. #1.)

Plaintiff alleged six counts in his Complaint. Each count is directed against a different Defendant—Count 1 against Bezy, Count 2 against Boughter, Count 3 against Hernandez, Count 4 against Hamidi, Count 5 against Phan, and Count 6 against Central Arizona Detention Facility. (Id.) The Court dismissed Central Arizona Detention Facility and directed the other Defendants to answer the Complaint. (Doc. #5.)

## II. Motion to Strike

Defendants move to strike Plaintiff's response to the motion to dismiss, arguing that it is untimely. (Doc. #47, 48.) Hamidi asserts that the Court ordered Plaintiff to file his response by September 10, 2009, but it was not filed until September 16, 2009. (Doc. #47 at 1-2, ref. Doc. ##22, 38.) Bezy and Hernandez argue that Plaintiff's response to their joinder was due August 28, 2009. (Doc. #48 at 1-2.) In addition, Bezy and Hernandez argue that Plaintiff's response does not mention them or contest their joinder to the motion to dismiss. (Doc. #48 at 2.) Plaintiff responds to the motions to strike. (Doc. ##51, 56.)

The Court has already ruled that Plaintiff's response to the motion to dismiss was timely. (Doc. #49.) Hamidi's motion is, therefore, moot. The Court notes that no separate Notice was sent pursuant to Wyatt, 315 F.3d at 1120 n. 14, regarding Plaintiff's obligation to respond to Bezy and Hernandez, and it is unclear that a separate response was required. In addition, in his response to the motion to strike, Plaintiff asserts that he did not receive Bezy and Hernandez's joinder to the motion to dismiss, and he asks for a 30-day extension of time. (Doc. #56.) The Court will deny this request as unnecessary and consider Plaintiff's response as one to all Defendants. The Court will deny the motions to strike as moot in light of the Court's analysis of the merits of the motion to dismiss.

///

///

///

- 2 -

### III. Motion to Dismiss

#### A. Failure to State a Claim

Hamidi, Hernandez, and Bezy move, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss the Complaint for failure to state a claim. (Doc. #11 at 1-2, Doc. #24 at 1.) They assert that the Complaint does not state a claim because it contains no dates of the alleged constitutional violations. Plaintiff submits a response, a declaration, a statement of facts, and over 200 pages of exhibits. (Doc. ##38, 39, 40.) Much of Plaintiff's documentation in opposition provides dates and expands on the allegations made in the Complaint. In his reply, Hamidi reasserts that Plaintiff did not mention a single date "[n]or did Plaintiff elucidate any factual basis upon which Dr. Hamidi could be held liable for violating Plaintiff's Eighth Amendment rights." (Doc. #60 at 2.) Hamidi notes that Plaintiff's Response to the motion to dismiss identifies the period during which Hamidi treated Plaintiff (August 6, 2007, to November 29, 2007). But he argues that Plaintiff still fails to define or even allude to any specific conduct by Hamidi which would qualify as a violation of Plaintiff's Eighth Amendment rights. Hamidi asserts that Plaintiff fails to allege anything other than negligence.[3] Hamidi points to no specific language in the Complaint.

The Court has already screened the Complaint pursuant to 28 U.S.C. § 1915A(a), which uses the same standard as Rule 12(b)(6), <u>Resnick v. Hayes</u>, 213 F.3d 443, 447 (9th Cir. 2000), and found that it states claims against Defendants. Defendants cite no authority requiring specific dates in a Complaint or that the specific dates are essential elements of the claims. Moreover, *pro se* pleadings are liberally construed. <u>Haines v. Kerner</u>, 404 U.S. 519 (1972). Finally, the information sought by Defendants can be obtained through discovery.

The motion to dismiss for failure to state a claim is denied.

---

[3] This is a new argument raised for the first time in the reply, and the Court declines to consider it, see <u>United States v. Wright</u>, 215 F.3d 1020, 1030 n. 3 (9th Cir. 2000), but again notes that the Complaint has already been screened under the Rule 12(b)(6) standard.

- 3 -

**B.     Exhaustion**

        **1.     Legal Standard**

Under the Prison Litigation Reform Act (PLRA), a prisoner must exhaust available administrative remedies before bringing a federal action concerning prison conditions. See 42 U.S.C. § 1997e(a); Griffin v. Arpaio, 557 F.3d 1117, 1119 (9th Cir. 2009). Exhaustion is required for all suits about prison life, Porter v. Nussle, 534 U.S. 516, 523 (2002), regardless of the type of relief offered through the administrative process, Booth v. Churner, 532 U.S. 731, 741 (2001). And a prisoner must complete the administrative review process in accordance with the applicable rules. See Woodford v. Ngo, 548 U.S. 81, 92 (2006).

Exhaustion is an affirmative defense. Jones v. Bock, 549 U.S. 199, 212 (2007). Thus, the defendant bears the burden of raising and proving the absence of exhaustion. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). Because exhaustion is a matter of abatement in an unenumerated Rule 12(b) motion, a court may look beyond the pleadings to decide disputed issues of fact. Id. at 1119-20. Further, a court has broad discretion as to the method to be used in resolving the factual dispute. Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 369 (9th Cir. 1988) (quotation omitted).

        **2.     Parties Contentions**

        **a.     Defendants**

Defendants assert that Plaintiff admits that he failed to exhaust remedies as to every Count and as to every Defendant. (Doc. #11 at 2.) They argue that in Speelman v. United States, 461 F. Supp. 2d 71 (D.D.C. 2006), the court held that the plaintiffs' claims as to damages had to be dismissed pursuant to Rule 12(b)(6) because plaintiffs admitted that they had failed to exhaust administrative remedies in the pleadings. (Id.) "'Since plaintiffs' failure to exhaust is uncontested and is clearly required by the statute, their claim for damages will be dismissed for failure to state a claim upon which relief may be granted.'" (Doc. #11 at 2, citing Speelman, 461 F. Supp. 2d at 74.) Bezy and Hernandez make no additional arguments. (Doc. #24 at 2.)

|   |   |
|---|---|
| 1 | **b. Plaintiff** |
| 2 | Plaintiff asserts that he made every effort to attempt to exhaust his remedies. (Doc. |
| 3 | #38 at 11.) He argues that it was not his fault that he did not exhaust his issues with Hamidi |
| 4 | because it was prison officials who had the responsibility to answer grievances and appeals. |
| 5 | He alleges that there is no instruction in ADC grievance procedure regarding what he should |
| 6 | have done when grievable issues are not answered. (Id.) |
| 7 | **c. Reply** |
| 8 | Hamidi asserts that Plaintiff "freely and repeatedly admits" that he failed to exhaust |
| 9 | administrative remedies as to his allegations against Hamidi. (Doc. #60 at 3, ref. Doc. #38 |
| 10 | at 12(B)(1).) Hamidi argues that although "failure to exhaust" is an affirmative defense, |
| 11 | Plaintiff's own admissions that he failed to exhaust administrative remedies satisfy the |
| 12 | Defendant's burden of proof. He asks, in the alternative, that he be permitted to conduct |
| 13 | discovery and to re-urge the motion as one for summary judgment. |
| 14 | **C. Analysis** |
| 15 | The Court will deny the motion because Defendants have failed to meet their burden |
| 16 | to demonstrate the availability of an administrative procedure, what the steps of such a |
| 17 | procedure are, and that Plaintiff failed to exhaust available remedies. |
| 18 | First, the Court notes that a motion to dismiss for failure to exhaust is properly raised |
| 19 | under the Federal Rules of Civil Procedure as an unenumerated 12(b) motion, not a motion |
| 20 | under Rule 12(b)(6) or Rule 56. Wyatt, 315 F.3d at 1119. But most important, exhaustion |
| 21 | is an affirmative defense; it is not a pleading or jurisdictional requirement. Id. Therefore, |
| 22 | Defendants "have the burden of raising and proving the absence of exhaustion." See id.. |
| 23 | Plaintiff admitted in numerous paragraphs of his Complaint that he failed to exhaust |
| 24 | remedies. But he also claimed as to Hamidi, for example, that he did not exhaust because |
| 25 | he did not receive responses from prison officials, some grievances were returned as |
| 26 | unprocessed, and he was moved to another unit where he attempted to exhaust but he was |
| 27 | ignored. (Id. at Count 4-A ¶ 5, see also Count 1 ¶ 5 and Count 3 ¶ 5.) Essentially, Plaintiff |
| 28 | asserted that no remedy was, in fact, available. See Brown v. Valoff, 422 F.3d 926, 935 |

(2005). If Plaintiff was unable to file grievance forms or if he was reliably informed that administrative remedies were not available, exhaustion is not required. See Marella v. Terhune, 568 F.3d 1024, 1027 (9th Cir. 2009); Brown, 422 F.3d at 935.

Here, Defendants provide no evidence of the particulars of an administrative procedure; they provide no evidence of the steps of such a procedure, or whether Plaintiff filed grievances that were unprocessed, and if so why, or whether there is a procedure for proceeding to the next level of review if the inmate receives no response. Defendants merely assert in their Motion that Plaintiff admitted his failure to exhaust, but certainly on this record, that is insufficient to meet their burden.

Defendants' motion to dismiss on the ground of non-exhaustion is denied without prejudice.

**IT IS ORDERED**:

(1) The reference to the Magistrate Judge is withdrawn as to Hamidi's Motion to Dismiss (Doc. #11), in which Bezy and Hernandez join (Doc. #24), and Defendants' Motions to Strike (Doc. ##47, 48).

(2) Defendants' Motions to Strike (Doc. ##47, 48) are **denied as moot**.

(3) Plaintiff's request for an extension of time to respond to Bezy and Hernandez's joinder (contained in Doc. #56) is **denied as unnecessary**.

(4) The Motion to Dismiss is **denied without prejudice**. Defendants have 30 days to file another motion to dismiss on the ground of failure to exhaust administrative remedies.

DATED this 5th day of November, 2009.

_____
Mary H. Murguia
United States District Judge