| 1 | **WO** | SVK |

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| Jenghiz K. Stewart, | ) | No. CV 09-0674-PHX-MHM (ECV) |
|---|---|---|
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Central Arizona Correction Facility, et al., | ) | |
| Defendants. | ) | |

Plaintiff Jenghiz K. Stewart, who is confined in the Arizona State Prison Complex in Florence, Arizona, filed this civil rights action against employees of the Arizona Department of Corrections (ADC). Hamidi moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), alleging failure to state a claim and failure to exhaust administrative remedies, and Bezy and Hernandez joined the motion. (Doc. ##11, 24.) The Court denied the motion and gave Defendants 30 days to file another motion on the ground of failure to exhaust administrative remedies. (Doc. #77.) Plaintiff now moves for reconsideration. (Doc. ##86, 89.)

The Court will deny Plaintiff's motions.

**I.    Background**

As stated, the Order about which Plaintiff seeks reconsideration, denied Defendants' motion to dismiss.

In that Order, the Court noted that no separate Notice was sent pursuant to Wyatt v. Terhune, 315 F.3d 1108, 1120 n. 14 (9th Cir. 2003), regarding Plaintiff's obligation to respond to Bezy and Hernandez, and it was unclear that a separate response was required.

Plaintiff asserted that he did not receive Bezy and Hernandez's joinder to the motion to dismiss, and he asked for a 30-day extension of time. (Doc. #56.) The Court denied the request as unnecessary, considered Plaintiff's response as one to all Defendants, and denied Defendants' motion.

In his motions for reconsideration, Plaintiff argues that in considering Plaintiff's response as one to all Defendants, the Court has "caused harm against him throughout the course of this litigation."[1] (Doc. #86 at 1.) He again claims he never received the Notice of Joinder in the Motion. (Id. at 5, ref. Doc. #24.) He suggests that Bezy and Hernandez are proceeding in an underhanded manner by joining Hamidi's motion and that the Court should impose sanctions "to have attorneys for Bezy and Hernandez deal with their own issues rather than ride the coat tails of Hamidi."  (Doc. #86 at 5-6.) The Magistrate Judge has previously denied Plaintiff's various motions for sanctions. (Doc. #79.)

In general, revision or reconsideration of an order "is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). "There may also be other, highly unusual, circumstances warranting reconsideration." Id.

Plaintiff's arguments are frivolous. There is nothing improper about Bezy and Hernandez joining in a co-Defendant's motion. Moreover, because the Court ruled in Plaintiff's favor on Defendants' Motion to Dismiss, Plaintiff cannot claim that he has been harmed. Plaintiff presents nothing to warrant reconsideration of the Court's November 5, 2009 Order. (Doc. #77.)

///
///
///
///
///

---

[1] Both motions for reconsideration raise the same arguments.

1 | **IT IS ORDERED:**

2 | (1) The reference to the Magistrate Judge is with drawn as to Plaintiff's Motions for Relief from Order (Doc. ##86, 89), and the Motions are **denied**.

(2) The Clerk of Court is directed to provide Plaintiff with a copy of Defendants' Notice of Joinder in Defendant Hamidi's Motion to Dismiss (Doc. #24).

DATED this 16th day of December, 2009.

Mary H. Murguia
United States District Judge