# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jenghiz K. Stewart, | No. CV 09-0674-PHX-MHM (ECV) |
| Plaintiff, | **ORDER** |
| vs. | |
| Central Arizona Correctional Facility, et al., | |
| Defendants. | |

Plaintiff Jenghiz K. Stewart, who is confined in the Central Arizona Correctional Facility in Florence, Arizona, filed this *pro se* civil rights action against various employees of the Arizona Department of Corrections (ADC). (Doc. #1.) Defendants Jackie Boughter, R.N., and Giang Phan, M.D., move to dismiss. (Doc. #114.)[1] The motion is fully briefed. (Doc. ##132, 134.)

The Court will deny the motion.

## I. Background

In his Complaint, Plaintiff asserted that he has Tourette's Syndrome and sensitivity to sound, heat, and bright lights. He alleged that Defendants' conduct subjected him to loud noises, bright lights, and heat, all of which exacerbated his Tourette's tics. Plaintiff alleged

---

[1] Defendant Dr. Hamidi, Ph.D. has joined in the Motion to Dismiss. (Doc. # 116)

that Defendants' conduct violated the Eighth Amendment, the Fourteenth Amendment Equal Protection Clause, and the Americans with Disabilities Act. (Doc. #1.)

Plaintiff alleged six counts in his Complaint. Each count is directed against a different Defendant—Count 1 against Bezy, Count 2 against Boughter, Count 3 against Hernandez, Count 4 against Hamidi, Count 5 against Phan, and Count 6 against Central Arizona Correctional Facility. (Id.) The Court dismissed Central Arizona Correctional Facility and directed the other Defendants to answer the Complaint. (Doc. #5.)

## III.  Motion to Dismiss

### A.  Parties' Contentions

#### 1.  Defendants

Defendants argue that Plaintiff's claims against them should be dismissed because Plaintiff has failed to comply with the requirements of Ariz. Rev. Stat. § 12-2603, which applies to claims against health care professionals. (Doc. #114 at 2.) The requirements of the statute are mandatory:

> [i]f a claim against a health care professional is asserted in a civil action, the claimant or the party designating a nonparty at fault or its attorney shall certify in a written statement that is filed and served with the claim or the designation of nonparty at fault whether or not expert opinion testimony is necessary to prove the health care professional's standard of care or liability for the claim.

Ariz. Rev. Stat. § 12-2603(A).

Defendants note that the statute also sets forth the requirements of a preliminary expert affidavit: (1) it must indicate the background of the person to show whether or not he or she is qualified to testify; (2) it must set forth the deviations from the standard of care; (3) it must also include the factual basis that supports the expert's allegations of alleged negligence; and (4) there must be an expert affidavit stating how the alleged deviations proximately caused injury. Ariz. Rev. Stat. § 12-2603(B) (1)-(4).

Defendants contend that the statute applies to claims against them because a "claim" is "the licensed healthcare professional's alleged breach of contract, negligence, misconduct, and errors or omissions in rendering professional services." Ariz. Rev. Stat. § 12-2601(b).

They argue that Plaintiff's claim should be dismissed because he served no preliminary expert affidavit with his initial disclosure and made no initial disclosure at all, even though he was informed of the need to do so by letter from counsel. (Doc. #114 at 3.) They further assert that the claims raised would not be obvious to a lay person and could not be resolved without expert testimony. (Id. at 3-4.)

### 2. Plaintiff

Plaintiff asserts that he raised federal claims, not state claims, and therefore § 12-2603 does not apply. (Doc. #132 at 5-9.) He also argues that expert testimony is not required if "the issue is one that is within the common knowledge of the people . . . ." (Id. at 9.) He contends that in connection with a prior Motion to Dismiss, he submitted documentation regarding proper diagnosis, which the Court accepted. (Id. at 10-11, ref. Doc. #77.)

### 3. Reply

In their reply, Defendants note that Plaintiff essentially claims that his causes of action do not need any expert testimony because the alleged negligence is so grossly apparent as to be within the common knowledge of a jury and that this is a civil rights action, so the Arizona statute requiring preliminary expert affidavits is not applicable to such a claim. (Doc. #134 at 1-2.)

Defendants assert that Plaintiff has failed to make an initial disclosure or produce his medical records and cannot now argue that whatever it is he claims Phan and Boughter did improperly is grossly apparent to a jury. (Id. at 3.) They note that in response to this motion, he submits some of his medical records; Defendants assert that a cursory reading of those records prove the claims asserted in the Complaint requires expert testimony. "They show a multitude of medical problems, assessments and other care. There is no way a jury would ever know what the writing on those records mean without an expert to go through the chart and explain the entries, the standard of care and causation issues for them." (Id., ref. Doc. #133.)

As to the requirements of §12-2603, Defendants argue that in <u>Amor v. State</u>, CV-06-499-TUC-CKJ, the District Court analyzed whether the doctrine of <u>Erie R. Co. v.</u>

Thompkins, 304 U.S. 64 (1938), impacts Arizona's preliminary expert affidavit statute. (Doc. #114 at 4, Ex. 1.) They note that the Court concluded that the Arizona preliminary expert affidavit was a requirement applicable to Amor.

**B.     Analysis**

Defendants provide no authority for the proposition that the State of Arizona may impose its own limitations or requirements on the assertion of federal rights in federal courts. "[A] plaintiff seeking in federal court to vindicate a federally created right cannot be made to jump through the procedural hoops for tort-type cases that may have commended themselves to the legislative assemblies of the several states." Sethy v. Alameda County Water Dist., 545 F.2d 1157, 1162 (9th Cir. 1976). The Ninth Circuit has specifically found that state-imposed procedures limiting tort claims against a state or its agents are not applicable to federal civil rights claims. See Rumbles v. Hill, 182 F.3d 1064, 1067 (9th Cir. 1999) (prisoners are not required to comply with state-imposed tort-claim rules or procedures as part of the exhaustion of administrative remedies requirement of 28 U.S.C. § 1997e(a)); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980) (California prelitigation requirements are inapplicable to civil rights actions); Ney v. California, 439 F.2d 1285, 1287 (9th Cir. 1971) (California Tort Claims Act does not apply to a prisoner's claims under §§ 1983).

Defendants' reliance on Amor is misplaced. The claims in Amor to which the Arizona expert-affidavit provision were applied were not federal claims; rather, they were state claims over which the Court had exercised supplemental jurisdiction. ("Here, Amor alleges that Defendant Goodsite cut the child during treatment, and that this injury constitutes abuse. Amor further alleges that Defendant Goodsite and/or his employees had repeated conversations with CPS to arrange for the seizure of the child pursuant to the mandatory reporter statute. See A.R.S. § 13-3620(A).") (Amor v. State, CV-06-499-TUC-CKJ, Doc. #223 at 16; Doc. #147 at 8-9.) In reaching its decision, the court specifically noted that the Erie principles, and therefore § 12-2603, would apply "where a federal court exercises supplemental jurisdiction over state law claims." (Id., Doc. # 223 at 11.)

For purposes of a federal civil rights claim under 42 U.S.C. § 1983, the Arizona legislature may not impose additional procedural requirements on litigants. Accordingly, the Court finds that Plaintiff is not required to comply with the certification or affidavit requirements of Ariz. Rev. Stat. § 12-2603(A) and (B). The Court also notes that under Federal Rule of Civil Procedure 26(a)(B)(iv), "an action brought without an attorney by a person in the custody of the United States, a state, or a state subdivision" is exempt from initial disclosure. Defendants' motion will be denied.

Nevertheless, the Court advises Plaintiff that expert testimony is almost always necessary for medical claims. The Court's prior ruling to which Plaintiff refers dealt only with whether Plaintiff had stated a claim and whether Defendants had established that he failed to exhaust his administrative remedies; the Court did not accept Plaintiff's documentation for purposes of expert testimony or find that such testimony was not necessary. (Doc. #77.) None of the Court's prior rulings mean that Plaintiff will not ultimately be required to provide expert medical testimony.

For example, differences in judgment between an inmate and prison medical personnel regarding an appropriate medical diagnosis or treatment are not enough to establish a deliberate-indifference claim. Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996). Ultimately, to prevail on an Eighth Amendment claim involving choices between alternative courses of treatment, a prisoner must show that the course of treatment the doctors chose was medically unacceptable in light of the circumstances and that it was chosen in conscious disregard of an excessive risk to plaintiff's health. Id., 90 F.3d 330, 332 (9th Cir. 1996). As to any medical claim, Plaintiff has the burden of proof on standard of care and proximate cause—he must provide competent evidence that a Defendant's treatment fell below the standard of care and was the proximate cause of injury—and expert medical testimony is generally required. See Gorney v. Meaney, 150 P.3d 799, 802, 804 (Ariz. App. 2 Div. 2007); Hutchinson v. United States, 838 F.2d 390, 393 (9th Cir. 1988) (granting summary judgment against a plaintiff who relied only on her own allegations and conclusory statements that defendants had been negligent and who failed to provide affidavits or depositions of experts).

**IT IS ORDERED**:

(1)  The reference to the Magistrate Judge is withdrawn as to Defendants Boughter and Phan's Motion to Dismiss (Doc. #114).

(2)  The Motion to Dismiss (Doc. #114) is **denied.**

DATED this 3rd day of May, 2010.

_____
Mary H. Murguia
United States District Judge