**WO**                                                                                   SVK

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

|                                        |   |                                    |
|----------------------------------------|---|------------------------------------|
| Jenghiz K. Stewart,                    | ) | No. CV 09-0674-PHX-MHM (ECV)       |
|                                        | ) |                                    |
| Plaintiff,                             | ) |                                    |
|                                        | ) |                                    |
| vs.                                    | ) |                                    |
|                                        | ) | **ORDER**                          |
|                                        | ) |                                    |
| Central Arizona Correction Facility, et al., | ) |                              |
|                                        | ) |                                    |
| Defendants.                            | ) |                                    |
|                                        | ) |                                    |

Plaintiff Jenghiz K. Stewart, who is confined in the Central Arizona Correction Facility (CACF) in Florence, Arizona, filed this *pro se* civil rights action against various employees of the Arizona Department of Corrections (ADC). (Doc. #1.) Defendants Bezy and Hernandez move for summary judgment for failure to exhaust administrative remedies.[1] (Doc. #91.)   Defendants Boughter and Phan join the motion as does Defendant Hamidi. (Doc. ##93, 94.)   The motion is ready for ruling.   Defendants also move for summary disposition.  (Doc. #161.)

The Court will grant the Motion for Summary Judgment, deny the Motion for Summary Disposition as moot, deny all other pending motions as moot, and terminate the action.

---

[1]The Court issued an Order, required under <u>Rand v. Rowland</u>, 154 F.3d 952, 962 (9th Cir. 1998), informing Plaintiff of his obligation to respond to the Motion for Summary Judgment and the evidence necessary to rebut Defendants' contentions.  (Doc. #99.)

## I.    Background and Procedural History of Motion

In his Complaint, Plaintiff asserted that he has Tourette's Syndrome and sensitivity to sound, heat, and bright lights.  Plaintiff alleged that Defendants' conduct violated the Eighth Amendment, the Fourteenth Amendment Equal Protection Clause, and the Americans with Disabilities Act. (Doc. #1.) In his 48-page Complaint, he complained about his medical care, about being placed on observation and in a Detention Unit, and that he asked Defendants to transfer him to a different facility but they did not.  He alleged that Defendants' conduct subjected him to loud noises, bright lights, and heat, all of which exacerbated his Tourette's tics. (Id.)

Plaintiff alleged six counts in his Complaint.  Each count is directed against a different Defendant—Count 1 against Bezy, Count 2 against Boughter, Count 3 against Hernandez, Count 4 against Hamidi, Count 5 against Phan, and Count 6 against Central Arizona Detention Facility. (Id.)  The Court dismissed Central Arizona Detention Facility and directed the other Defendants to answer the Complaint. (Doc. #5.)

Defendants filed their Motion for Summary Judgment on December 4, 2009. (Doc. #91.)  Plaintiff was given until January 18, 2010, to file his response. (Doc. #99.)  On January 18, Plaintiff filed his first request for an extension of time, stating that he had been transferred and needed time to "settle in." (Doc. #101.)  The Magistrate Judge denied the motion because Plaintiff failed to show good cause. (Doc. #113.)  On February 8, Plaintiff filed a second motion. (Doc. #119.)  On February 24, the Court directed the Clerk of Court to send Plaintiff copies of documents, including Defendants' Motion for Summary Judgment, and gave Plaintiff until April 16 to file his response, noting that no further extensions would be granted. (Doc. #125.)  On April 19, Plaintiff filed another request for extension of time to respond to the Motion for Summary Judgment. (Doc. #142.)  And he filed another request for an extension on May 4. (Doc. #147.)  On May 11, the Magistrate Judge denied the request for additional extension of time and ordered that Plaintiff's response was due no later than May 19. (Doc. #150.)  On May 19, Plaintiff filed another request for a 15-day extension. (Doc. #158.)  The Magistrate Judge denied that motion on June 10. (Doc. #165.)

On June 14, Plaintiff filed a Motion for Leave to File Excess Pages for his response to the summary judgment motion and a Motion to File Excess Pages for Declaration in Support.[2] (Doc. ##169, 170.) Bezy and Hernandez then filed a Motion to Strike Plaintiff's Response to the Motion for Summary Judgment on the grounds that it was untimely and exceeded the page limits of Local Rule of Civil Procedure 7.2(e). (Doc. #175.) Hamidi joined the motion. (Doc. #178.) On July 2, 2010, the Magistrate Judge granted Defendants' Motion to Strike and denied Plaintiff's Motion as moot. (Doc. #187.)

## II.   Motion for Summary Judgment

### A.   Legal Standard—Exhaustion

Under the Prison Litigation Reform Act (PLRA), a prisoner must exhaust available administrative remedies before bringing a federal action concerning prison conditions. See 42 U.S.C. § 1997e(a); Griffin v. Arpaio, 557 F.3d 1117, 1119 (9th Cir. 2009). Exhaustion is required for all suits about prison life, Porter v. Nussle, 534 U.S. 516, 523 (2002), regardless of the type of relief offered through the administrative process, Booth v. Churner, 532 U.S. 731, 741 (2001). And a prisoner must complete the administrative review process in accordance with the applicable rules. See Woodford v. Ngo, 548 U.S. 81, 92 (2006).

Exhaustion is an affirmative defense. Jones v. Bock, 549 U.S. 199, 212 (2007). Thus, the defendant bears the burden of raising and proving the absence of exhaustion. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). Because exhaustion is a matter of abatement in an unenumerated Rule 12(b) motion, a court may look beyond the pleadings to decide disputed issues of fact. Id. at 1119-20. Further, a court has broad discretion as to the method to be used in resolving the factual dispute. Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 369 (9th Cir. 1988) (quotation omitted).

---

[2]Defendants' Motion for Summary Judgment, which is really an unenumerated 12(b) motion, is 7 pages long, including the Certificate of Service, and includes a 5-page Statement of Facts. Plaintiff's proposed response is 39 pages and the declaration is 25 pages with 169 pages of exhibits. A cursory review of those exhibits show that they include irrelevant items such as Health Needs Requests and grievance documents that post-date the filing of the Complaint.

## B.    Parties Contentions

### 1.    Defendants

In support of their motion, Defendants submit a Statement of Facts (Doc. #92 (DSOF)); the affidavit of John Gay, Warden (Ex. 1) and Attachment, Department Order (DO) 802, *Inmate Grievance System*; and Plaintiff's grievance documents (id., Exs 2-7).

Defendants assert that CACF is a private contract facility to the Arizona Department of Corrections (ADC). (DSOF ¶ 2.) CACF follows the ADC grievance procedure, which is a four-level administrative remedy. (Id. ¶ 11.) An inmate at CACF, or any other ADC facility, must first address his complaint informally with institution staff. (Id. ¶ 12.) If informal resolution is insufficient, a three-level administrative review process is available. The inmate must file a formal complaint with the Grievance Coordinator. (Id. ¶ 13.) If the inmate is not satisfied with the Grievance Coordinator's response, the inmate can appeal the decision to the Warden or the Deputy Warden. (Id. ¶ 14.) If dissatisfied with that response, the inmate can appeal to the Director of the ADC. (Id. ¶ 15.) An inmate has not exhausted his remedies until he has sought review at all levels. (Id. ¶ 16.) Pursuant to DO 802.09 §1.4.4, "[t]he Director's response is final, thus exhausting available administrative remedies through the Department's Inmate Grievance System for standard grievances." (Id., Attach. 1.) In addition, the DO provides that the "[e]xpiration of the time limit at any level in the process . . . entitle[s] the inmate to proceed to the next level. . . ." (Id. 802.07 §1.2.4.)

Defendants assert that Plaintiff filed an Inmate Letter on September 13, 2007. (Id. ¶ 4.) He then filed formal grievances with Boughter and the Grievance Coordinator. (Id. ¶ 6.) Plaintiff was not satisfied with Boughter's response, and therefore appealed to the Warden. (Id. ¶ 8.) Assistant Deputy Warden Jackson responded for Bezy. (Id. ¶ 9.) Plaintiff failed to appeal the decision of Assistant Deputy Warden Jackson to the Director, and thus failed to exhaust his administrative remedies as required. (Id. ¶ 10.)

///

///

///

## 2. Plaintiff

As previously noted, Plaintiff did not file a timely response to the motion, and Defendants' Motion to Strike the untimely response was granted. Because a verified complaint may be used as an affidavit opposing a motion if it is based on personal knowledge and sets forth specific facts admissible in evidence, the Court will consider the allegations set forth in Plaintiff's Complaint. Schroeder v. McDonald, 55 F.3d 454, 460 (9th Cir. 1995). In his 48-page Complaint, Plaintiff repeatedly alleged that he did not exhaust remedies because Bezy failed to respond to all appeals. (Doc. #1, e.g. ¶ 5A.) He also claimed as to Hamidi, for example, that he did not exhaust because he did not receive responses from prison officials, some grievances were returned as unprocessed, and he was moved to another unit where he attempted to exhaust but he was ignored. (Id. at Count 4-A ¶ 5, see also Count 1 ¶ 5 and Count 3 ¶ 5.)

## C. Analysis

The Court will grant the motion because Defendants have met their burden to demonstrate the availability of an administrative procedure, what the steps of such a procedure are, and that Plaintiff failed to exhaust available remedies.

A prisoner must exhaust available administrative remedies before bringing a federal action concerning prison conditions. See 42 U.S.C. § 1997e(a). If, however, Plaintiff was unable to file grievance forms or if he was reliably informed that administrative remedies were not available, exhaustion is not required. See Marella v. Terhune, 568 F.3d 1024, 1027 (9th Cir. 2009); Brown v. Valoff, 422 F.3d 926, 936-37 (2005). Plaintiff's assertions that Bezy failed to respond to Plaintiff's grievance appeals are insufficient to demonstrate that remedies are not available. The grievance procedure specifically provides that if no response is received within the time frames, the inmate can proceed to the next level of the process.[3]

---

[3]Contrary to the suggestion in Plaintiff's untimely response, this section does *not* require the employee to inform the inmate of the expiration and have the inmate decide whether to proceed or agree to an extension of time. (Doc. #171 at 7; Doc. #92, Ex. 1, Attach.)

(Doc. #92, Ex. 1, Attach.)   As to Hamidi, Plaintiff's conclusory allegations that grievances were returned as unprocessed or that he was ignored are insufficient to defeat Defendants' specific evidence that a grievance procedure was available.   Moreover, the grievance documents submitted by Defendants show that Plaintiff, in fact, raised complaints about Hamidi; however, Plaintiff failed to appeal all the way to the Director.   (Doc. #92, Ex. 4, Inmate Grievance dated October 5, 2007.)  And to the extent that Plaintiff complains that Hamidi called Plaintiff a liar, or, in effect, called him a liar because Hamidi said that Plaintiff could control his tics (Doc. #171 at 13-14), that claim is not cognizable under § 1983.  See Somers v. Thurman 109 F.3d 614, 622-23 (9th Cir. 1997) (citing Hudson v. McMillan, 503 U.S. 1, 8 (1992)).   Likewise, a prisoner has no constitutional right to enjoy a particular security classification or assignment to a particular facility, so to the extent that Plaintiff complains that Defendants did not transfer him to another facility, Plaintiff does not state a claim.  See Meachum v. Fano, 427 U.S. 215, 224-25 (1976).

Plaintiff's claims will be dismissed without prejudice, and the case will be terminated.

**IT IS ORDERED**:

(1)  The reference to the Magistrate Judge is withdrawn as to Defendants Bezy and Hernandez's Motion for Summary Judgment  (Doc. #91), in which Defendants Boughter, Phan, and Hamidi join (Doc. ##93, 94); Defendants' Motion for Summary Disposition (Doc. #161); and all other pending motions.

(2)  Defendants' Motion for Summary Judgment (Doc. #91) is **granted**, and Plaintiff's claims are dismissed without prejudice.

(3)  All other pending motions are **denied as moot**.

///

///

///

///

///

///

(4) The case is terminated, and the Clerk of Court must enter judgment accordingly.

DATED this 9th day of July, 2010.

Mary H. Murgula
United States District Judge